UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELTA BUSINESS CENTER, LLC,

    Plaintiff,

vs.

Case No. 19-CV-13618

HON. GEORGE CARAM STEEH

THE CITY OF TAYLOR, et al.,

    Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR STAY [ECF No. 16]

Plaintiff Delta Business Center, LLC ("Delta") brought this constitutional challenge to the City of Taylor's Tree Ordinance after it was fined and ticketed for removing trees from its property without first applying for and securing a permit. Plaintiff has sued defendants City of Taylor, Rick Sollars, Keith Boc and Laura Fell. This matter is before the court on defendants' motion to dismiss plaintiff's First Amended Complaint for lack of subject matter jurisdiction because the claims are not ripe for judicial review under Fed.R.Civ.P. 12(b)(1), or for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Alternatively, defendants' request that the court stay the matter and abstain from deciding it until the Taylor Zoning Board of Appeals has an opportunity to decide it in the first instance. (ECF No. 16). Upon a careful review of the written submissions, the court deems it

appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion to stay the matter and abstain until the Taylor Zoning Board has an opportunity to pass on the matter is GRANTED.

## FACTUAL BACKGROUND

Delta owns a 4.88-acre vacant parcel of real property (the "Property") in the City of Taylor, Michigan. Defendant Rick Sollars is and was the Mayor of Taylor at the time of the events underlying the Complaint and was responsible for administrative actions taken by the city. Defendant Keith Boc is and was the Director of Public Service and oversaw the persons responsible for ticketing and/or fining Delta. Defendant Laura Fell is and was the Planning Director at the time of the events underlying the Complaint.

In or around February 2017, Delta retained the services of New Life Arboricultural Service, Inc. ("New Life") to remove trees, trash and other debris from the Property. After New Life had commenced work on the Property, a representative of Taylor informed New Life to stop work because a permit was required under the tree preservation and replacement provisions of Taylor Zoning Ordinance § 16.03 (the "Ordinance").

On March 2, 2017, Delta submitted a Tree Removal Permit Application, along with a copy of the Property's survey and a check in the amount of $50.00 for the application fee. The City of Taylor cashed the $50.00 check, and on March 15, 2017, Lora Fell sent Delta a letter requesting additional information in order to process the permit application. On April 20, 2017, Delta submitted a Tree List describing the trees Delta intended to remove upon the issuance of a permit. The trees already removed by New Life were not included in the Tree List.

On April 21, 2017, Fell returned a copy of Delta's permit application with her handwritten note indicating that "Trees have already been removed without a permit. Permit would have been denied. Permit processed for determination of tree fund amount due, due to non-replacement." Fell included additional handwritten notes and documentation purporting to support a calculation of $136,700.

On July 20, 2017, Taylor's Building Department invoiced Delta for a fine of $136,700. The invoice did not indicate how the number was calculated. In December 2017, Taylor assessed the Property in the amount of the fine. Since that time, interest and penalties have been added to the amount of the fine. Delta has not paid the fine. In addition,

Delta and its corporate representative were ticketed and subjected to criminal misdemeanor charges under the Tree Ordinance.

The Wayne County Treasurer identified the Property as being in the foreclosure/forfeiture process. The foreclosure/forfeiture process has been stayed until further order of this court and the County Treasurer was dismissed without prejudice from this action. (ECF No. 13)

Delta filed its First Amended Complaint alleging: Count 1, Fifth Amendment (Taking); Count 2, Eighth Amendment (Excessive Fines Clause); Count 3, Fourteenth Amendment (Equal Protection); and Count 4, Fourteenth Amendment (Due Process).

## ANALYSIS

I.   Taylor Tree Ordinance

The Taylor Zoning Ordinance, Art. 16, § 16.03, provides, in part:

"The removal or relocation of any tree with a diameter at breast height (DBH) of six inches or greater on any property without first obtaining a tree removal permit shall be prohibited." §16.03(b)(1)(a);

"The removal, damage or destruction of any landmark tree without first obtaining a tree removal permit is prohibited." §16.03(b)(1)(b);

"Violation. If a violation of this section is noted, the development services department will notify the owner of record

- 4 -

and the occupant of the property of the violation. . . ." §16.03(f).

When a party submits a permit to remove trees, it is required to state all the information necessary for calculating the fee and attach a site plan showing the size, number and location of trees to be removed. The Taylor Planning Commission, a public body established by Taylor Ordinance No. 11-466, has authority to determine appropriate fees for Ordinance violations, including the fees for tree removal. The fee established by the Planning Commission, which is publicly available on the City's website, is $100 per inch for each inch over 6 inches in diameter breast height.

II.     Ripeness

    A. Fifth Amendment Takings Claim

Plaintiff's amended complaint alleges an as-applied challenge to the Tree Ordinance. (FAC ¶ 34; ECF No. 15) The City of Taylor argues that plaintiff's challenge is not ripe for review because no final decision has been made by Taylor ZBA. Until recently, there were two requirements before a plaintiff could pursue a takings claim in federal court: (1) "the government entity charged with implementing the regulations has reached

a final decision regarding the application of the regulations to the property at issue" and (2) the property owner has exhausted the proper state procedures for seeking just compensation. *See, e.g., Crosby v. Pickaway Cnty Gen. Health Dist.*, 303 F. App'x 251, 259 (6th Cir. 2008) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 194-95 (1985)).

In 2019, the Supreme Court eliminated the second requirement, so filing a state court action is no longer a prerequisite to a Fifth Amendment takings claim. *Knick v. Twp. of Scott, Pa.*, 139 S.Ct. 2162 (2019). The finality requirement, which was not at issue in *Knick*, was left intact. This means that there still must be a "final" decision before a takings claim is ripe for judicial review in federal court. *Id.* at 2169.

A "final decision" requires that: "(1) a decision has been made 'about how a plaintiff's own land may be used' and (2) the local land-use board has exercised its judgment regarding a particular use of a specific parcel of land, eliminating the possibility that it may 'soften[] the strictures of the general regulations [it] administer[s].'" *See Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 738–39 (1997). As the Sixth Circuit has explained, "[i]n the land-use context, the demands of 'a concrete factual context' and

'a dispute that is likely to come to pass' converge in an instance on 'finality,' an insistence that the relevant administrative agency resolve the appropriate application of the zoning ordinance to the property in dispute." *Miles Christi Religious Order v. Twp. of Northville*, 629 F.3d 533, 537 (6th Cir. 2010).

This court recently addressed a challenge to another city's tree ordinance in *F.P. Dev., LLC v. Charter Twp. of Canton*, No. 18-CV-13690, 2020 WL 1952537 (E.D. Mich. Apr. 23, 2020). With regard to the Fifth Amendment takings claim in that case, the court found that despite the fact that plaintiff did not appeal the application of the ordinance to the city's Zoning Board of Appeals ("ZBA"), plaintiff's challenge was nevertheless ripe. Key to the court's analysis was the fact that the City of Canton's ZBA "lack[ed] the authority to abrogate the Tree Ordinance requirements and "[was] not authorized to grant variances related to the use of land." *Id*. at \*6.

Defendants argue that this case is different because the City of Taylor's ZBA has jurisdiction to overturn a decision relating to the Tree Ordinance and to fully hear out an appeal. Taylor Zoning Ordin, Art 26, § 26.03(b)(3), at p. 26-4. The Taylor ZBA is empowered to "reverse or

- 7 -

affirm, wholly or partly, or may modify, the order, requirement, decision or determination appealed from, and may make an order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the administrative official or body from whom the appeal was taken." *Id.* Furthermore, the Taylor ZBA specifically has jurisdiction to "interpret and clarify the meaning of ordinance text" in any appeal. *Id.*, Art 26, § 26.03(c), at p. 26-4."

In *Miles Christi Religious Order*, the Sixth Circuit explained that a decision involving the application of ordinances was not final where the local zoning board was not presented with, nor given the opportunity to interpret, the regulations at issue in the first instance. The zoning ordinances at issue in *Miles Christi Religious Order* placed the authority to interpret, apply or vary from the ordinances with the City of Northville ZBA:

> At the time the complaint was filed, the Northville Code provided that "[t]he Zoning Board of Appeals shall be responsible for interpretations to the text of [the zoning ordinances]" and shall be responsible for "interpret[ing] the provisions or meaning of standards of [the ordinances]. . . An administrative appeal to the zoning board thus will resolve at least three questions, all of which lie within the zoning board's plenary interpretive jurisdiction. . .  Finality requires the input of the zoning board on these unresolved questions.

- 8 -

629 F.3d at 538. The Taylor Zoning Ordinances place similar authority to interpret, apply or vary from the ordinances within the Taylor ZBA's plenary interpretive jurisdiction. *See* Taylor Zoning Ordin., Art 26, § 26.03(c), at p. 26-4.

The requirement that a plaintiff first obtain "a final, definitive decision from local zoning authorities ensures that federal review—should the occasion eventually arise—is premised on concrete and established facts and that all non-constitutional avenues of resolution have been explored first, perhaps obviating the need for judicial entanglement in constitutional disputes." *Insomnia Inc. v. City of Memphis, Tenn.*, 278 F. App'x 609, 615 (6th Cir. 2008) (citation and quotation marks omitted). It is not enough that the Tree Ordinance is clear as to its applicability to the Property, as argued by plaintiff.

Plaintiff has not sought a decision from the Taylor ZBA, has not obtained a final decision from the Taylor ZBA, and has not even alleged that it would be futile to seek a decision from the Taylor ZBA because such a process is purportedly unavailable. Plaintiff has not satisfied the well-settled finality requirement, which is a prerequisite to litigation. Therefore, plaintiff's takings claim is not ripe for review and will be stayed until the

- 9 -

Taylor ZBA has an opportunity to review the matter and issue a final decision.

### B. Other Constitutional Claims

Where a plaintiff fails to meet the "finality" requirement for a Fifth Amendment takings claim, courts have held that remaining constitutional claims "arising from" and "inextricably linked with" the same underlying facts, likewise, are not ripe for judicial review. *See Williamson County*, 473 U.S. at 200 (explaining that ripeness inquiry applies irrespective of whether claim was for takings or due process violation); *Miles Christi Religious Order*, 629 F.3d at 537 ("In addition to takings claims, we have applied the finality requirement to other constitutional and statutory challenges to local land-use requirements."); *Bigelow v. Mich. Dept. of Nat'l Resources*, 970 F.2d 154, 159 (6th Cir. 1992) (applying "finality" requirement to equal protection and procedural due process claims arising directly from an alleged taking); *Beech v. City of Franklin, Tenn.*, 687 F. App'x 454, 456–57 (6th Cir. 2017) (equal protection, substantive due process and procedural due process claims ancillary to a takings claim are also subject to the ripeness requirement).

Here, because the Fifth Amendment takings claim is not ripe for judicial review, neither are plaintiff's remaining constitutional claims as they arise out of the same set of facts.

## CONCLUSION

For the reasons set forth above, defendants' motion for a stay is GRANTED.

Dated: July 27, 2020

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 27, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk